No. 80–1650. ILLINOIS *v.* ZEGART. Sup. Ct. Ill. Certiorari denied.

CHIEF JUSTICE BURGER, with whom JUSTICE BLACKMUN and JUSTICE REHNQUIST join, dissenting.

I dissent from the denial of certiorari because the decision of the Supreme Court of Illinois is directly contrary to *Illinois* v. *Vitale,* 447 U. S. 410 (1980), and other decisions of this Court.

Respondent drove her eastbound automobile over a highway dividing median, striking a westbound car head on and killing two 13-year-old girls who were passengers in the westbound car. An Illinois State Police officer at the scene cited respondent for the traffic offense of crossing the median.[1] In January 1976, she pleaded guilty to that offense and she was convicted and fined.

In May 1976, following an investigation of the collision, a state grand jury indicted respondent on two counts of reckless homicide.[2] The State subsequently filed a bill of particulars indicating that in order to show that respondent's conduct leading up to the collision was reckless, it would

---

[1] Ill. Rev. Stat., ch. 95½, § 11–708 (d) (1979). This statute provides:

"Whenever any highway has been divided into 2 or more roadways by leaving an intervening space or by a physical barrier or a clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle must be driven only upon the right-hand roadway unless directed or permitted to use another roadway by official traffic-control devices or police officers. *No vehicle may be driven over, across, or within any such dividing space, barrier, or section,* except through an opening in the physical barrier, or dividing section, or space, or at a cross-over or intersection as established by public authority." (Emphasis supplied.)

[2] Ill. Rev. Stat., ch. 38, § 9–3 (a) (1979). This statute provides:

"A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle, in which case the person commits reckless homicide."

prove that she drove too fast for conditions; failed to reduce speed to avoid an accident; failed to drive her vehicle in the proper lane of the roadway; failed to exercise due care for the safety of persons rightfully on the highway; improperly passed on the right; improperly passed on the left; and failed to wear corrective lenses as required by her driver's license. The State explained that it would use the fact that respondent had driven across the center line of the highway only "in order to show the causal nexus between [respondent's] conduct prior to actually crossing the median strip and the death of the two victims." [3]

The trial court granted respondent's motion to dismiss the indictment on double jeopardy grounds, and the Appellate Court affirmed. The divided Supreme Court of Illinois also affirmed, reasoning that "the State intends to use the factual basis which led to the first conviction as the basis for the second conviction." 83 Ill. 2d 440, 445, 415 N. E. 2d 341, 343 (1980).

*Illinois* v. *Vitale, supra,* involved strikingly similar facts. The respondent's automobile struck and killed two children; a police officer at the scene issued a traffic citation charging the respondent with failing to reduce speed to avoid an accident; the respondent was convicted and fined; the State then charged him with involuntary manslaughter under the statute involved in the present case. [4] The Supreme Court of Illinois, by precisely the same division as that presented here, held that the second prosecution was barred by the Double Jeopardy Clause of the Federal Constitution. Noting that "[t]he sole question before us is whether the offense of failing

---

[3] App. to Pet. for Cert. 2d. The State's first bill of particulars listed "driving across the center line and median strip" as reckless conduct. However, the trial court granted the State leave to amend that bill, and the State struck that item except with respect to causation.

[4] At the time Vitale was prosecuted, the statute treated reckless homicide as an optional lesser included offense in cases involving involuntary manslaughter by automobile. 447 U. S., at 413, n. 4.

to reduce speed to avoid an accident is the 'same offense' for double jeopardy purposes as the manslaughter charges brought against Vitale," *id.,* at 415–416, we held:

> "[T]he *Blockburger* test [*Blockburger* v. *United States,* 284 U. S. 299 (1932)] focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial. Thus [in *Brown* v. *Ohio,* 432 U. S. 161, 166 (1977),] we stated that if 'each *statute* requires proof of an additional fact which the other does not,' . . . the offenses are not the same under the *Blockburger* test." *Id.,* at 416. quoting 432 U. S., at 166 (emphasis supplied by *Vitale* Court).

We amplified this by example. *Brown* v. *Ohio,* we explained, depended on the fact that a prosecutor who has established the offense of "joyriding" need only prove the requisite intent in order to establish auto theft, and " 'the prosecutor who has established auto theft necessarily has established joyriding as well.' " *Vitale, supra,* at 417, quoting *Brown, supra,* at 168. If proof of auto theft had not necessarily involved proof of joyriding, "the successive prosecutions would not have been for the 'same offense' within the meaning of the Double Jeopardy Clause." 447 U. S., at 417. We concluded, in a holding directly controlling in the case at bar:

> "[I]f manslaughter by automobile does not always entail proof of a failure to slow, then the two offenses are not the 'same' under the *Blockburger* test. *The mere possibility that the State will seek to rely on all of the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case would not be sufficient to bar the latter prosecution." Id.,* at 419 (emphasis supplied).

In the present case, the proof necessary to establish the first offense was that respondent drove across the median. The proof necessary to establish the second offense was that respondent acted recklessly and that the reckless acts caused

deaths. The State Supreme Court has—inexplicably, even incredibly—relied on *Vitale* to hold that simply because crossing the median was necessarily proved in order to convict respondent of the traffic offense of driving across the median, the State was barred from proving in the present case that there was *a causal connection* between respondent's alleged recklessness and the deaths of the victims. This is but another example of judicial analysis carrying a sound principle beyond the outer limits of logic and producing an irrational result.

Our cases, particularly *Vitale* and *Brown,* require the courts to look to the *statutory* elements of the first and second charges, not to the similarities of facts in the government's proof.[5] The Supreme Court of Illinois plainly failed to do so in this case. I would grant certiorari and summarily reverse.[6]

---

[5] See also *Iannelli* v. *United States,* 420 U. S. 770, 785, n. 17 (1975): "If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."

[6] In *Vitale,* we remanded for a determination of whether manslaughter by automobile always requires proof of failure to slow. There is no occasion for a remand in this case because, as the State Supreme Court's certification in *Vitale* plainly shows, proof of crossing the median is not always necessary to establish the homicide offense.