(No. 55576.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JEFFREY ALEXANDER, Appellant.

*Opinion filed November 18, 1982.*

Robert Agostinelli, Deputy Defender, of the Office of the State Appellate Defender, of Ottawa (Robert E. Davison, of Springfield, and Michael Filipovic, Assistant State Appellate Defenders, of counsel), for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Daniel M. Harris, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

The defendant, Jeffrey Alexander, was charged by information in the circuit court of Will County with theft, in that "on or about October 31, 1979, at and within Will County *** he, knowingly exerted unauthorized control over a 1973 Buick Electra, valued at more than $150, *** intending to deprive Leola H. Perkins permanently of the use and benefit of said property." (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1).) Following a bench trial, the defendant was found guilty and was sentenced to serve a three-year term of imprisonment. On appeal by the defendant, the majority of the appellate court af-

firmed the defendant's conviction. (99 Ill. App. 3d 810.) The defendant filed a petition for leave to appeal, which was granted. 73 Ill. 2d R. 315(a).

On appeal before this court, the defendant asserts that the majority of the appellate court erred in affirming his conviction because the evidence which was adduced at trial was not sufficient to sustain a conviction as charged in the information. The defendant contends that the information charged him with the theft of a vehicle in Will County on October 31, 1979, and that the evidence showed that the theft occurred in Cook County, but that he exerted control over the automobile in Will County 11 days later.

At trial, the State's first witness was Leola H. Perkins, the owner of the 1973 Buick Electra. Ms. Perkins testified that she was in her home in Cook County on October 31, 1979. On that date, Ms. Perkins testified, a man with a gun confronted her on the second floor of her home. The man told Ms. Perkins that he was not going to rape her, but demanded that she give him her money and jewelry.

Ms. Perkins testified that after she gave the man all the money and jewelry that she had in the house, he forced her to drive her car to her bank. The bank was located in Cook County, approximately two miles from Ms. Perkins' home.

After they parked the automobile outside the bank, the defendant told Ms. Perkins to leave her keys in the car and to go inside the bank to withdraw her money. Once inside the bank, Ms. Perkins asked the bank employees to call the police. While Ms. Perkins was speaking to the police on the telephone, she testified, she saw the defendant drive away in her car.

On November 11, 1979, shortly after midnight, the defendant was observed sitting inside Ms. Perkins' automobile as it was parked and idling in the 500 block of

Haweswood Drive in Crete. Crete is located in Will County. After the police officers established that the automobile was stolen, the defendant was placed under arrest for being in possession of a stolen automobile.

At trial, the State presented testimony which established that the 1973 Buick Electra had a value of more than $150 at the time of the theft. The State also presented testimony which established that the defendant's fingerprints were found in Ms. Perkins' home. After presenting its evidence, the State rested. The defense rested without presenting any evidence. The court found the defendant guilty of theft as charged in the information, finding specifically that the defendant committed the offense, "in the manner and form as set forth in the information, on November 11, 1979, which is on or about October 31, 1979."

On appeal, the appellate court affirmed the defendant's conviction. The court held that the defendant's argument that his conviction should be reversed because the State failed to prove that the offense occurred in Will County on October 31, 1979, was without merit. The court reasoned that because the information alleged that the defendant "exerted" (not "obtained") unauthorized control in Will County "on or about" October 31, 1979, the proof at trial of exertion of unauthorized control by the defendant in Will County on November 11, 1979, was not fatal to the information.

The date alleged in a charging instrument need not ordinarily be proved precisely. If there is an error in the indictment, and upon trial the proof establishes that the offense was committed on a date other than the precise date alleged, that irregularity will not constitute a fatal variance. *People v. Hubbard* (1970), 46 Ill. 2d 563.

In the instant case, a particular time was not an essential element of the crime and the expiration of the statute of limitations was not at issue. Thus, proof that

the defendant exerted unauthorized control over the automobile on November 11, 1979, when the information was phrased, "on or about October 31, 1979," did not constitute a fatal variance.

A defendant can be found guilty of theft solely on the basis of knowingly *exerting* unauthorized control over the property of another at the time of arrest, because the crime of theft is not limited to the original taking of the property. (*People v. Nunn* (1965), 63 Ill. App. 2d 465, 470-71.) Section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)) defines theft:

> "A person commits theft when he knowingly:
> (a) Obtains or exerts unauthorized control over property of the owner;
>
>          * * *
>
> and
> (1) Intends to deprive the owner permanently of the use or benefit of the property."

In order to sustain a conviction of theft through unauthorized control, however, it is also necessary that proof of the accused's knowledge of unauthorized control and intent to permanently deprive another of his property be shown. *People v. Gordon* (1976), 64 Ill. 2d 166, 170.

The State, in the instant case, presented sufficient evidence to establish that the defendant exerted unauthorized control over Ms. Perkins' automobile on November 11, 1979. The testimony of Ms. Perkins and officers Brian Tesar and David Wallace of the village of Crete police department was offered for this purpose. Ms. Perkins testified that she never gave the defendant authority to use her automobile. Officers Tesar and Wallace testified that they placed the defendant under arrest on November 11, 1979, in Will County for being in possession of a stolen automobile after they received a radio dispatch verifying that the automobile which the defendant was sitting in, with the motor running, was stolen.

Proof of the events that occurred on October 31, 1979, was also offered into evidence by the State. The State contends that this evidence was proffered to establish the defendant's requisite knowledge that his use and possession of Ms. Perkins' automobile was unauthorized and that he intended to permanently deprive her of its use. The defendant contends that introduction of this evidence concerning the invasion into Ms. Perkins' home, the theft of her jewelry and money, and her abduction on October 31, 1979, was unnecessary and improper. While it is true that evidence of other crimes is inadmissible if offered merely to establish a propensity to commit crimes, evidence of other crimes is admissible to show knowledge, intent, motive, design, plan, or identification. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 137; *People v. Foster* (1979), 76 Ill. 2d 365, 374.) Evidence of the defendant's conduct on October 31, 1979, was properly admitted to show the defendant's knowledge and intent in this case.

Due process requires that an indictment or information must apprise the defendant of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow the pleading of the judgment as a bar to a future prosecution arising out of the same conduct. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 28-29.) The indictment or information, together with the record, defines the limits of double jeopardy so that a subsequent prosecution on the same facts would be barred. 63 Ill. 2d 23, 30.

The defendant in this case was arrested and prosecuted in Will County. The information charging the defendant specified Will County as the locus of the crime and charged the defendant specifically with "exerting" unauthorized control over Ms. Perkins' automobile. The defendant has not alleged that his defense was dependent upon the wording of the information or that it induced him to withhold evidence. It is also clear that the information in this case, together with the record, would be sufficient to bar a sub-

sequent prosecution for the exertion of unauthorized control over Ms. Perkins' automobile in Will County on November 11, 1979. The requirements of due process were therefore met in this case.

The majority of the appellate court correctly distinguished *People v. Rivas* (1955), 5 Ill. 2d 556, and *People v. McIntosh* (1977), 48 Ill. App. 3d 694, from the case at bar.

In *Rivas,* the indictment specified a specific offense of selling six capsules of heroin on June 28, 1952. However, the evidence presented at trial was not sufficient to sustain a conviction for that charge, on that date. The court had sustained a motion to suppress the six capsules of white powder that were seized on June 28, 1952, and the State offered evidence of two other drug sales on June 27, 1952, in an attempt to prove the crime alleged in the indictment. The court held that unless there is some connection between the facts proved and the offense charged, it is improper to admit evidence of one crime to prove another. (*People v. Rivas* (1955), 5 Ill. 2d 556, 562-63.) The court also pointed out that the defendant could have been separately indicted for each alleged sale and a conviction of one would be no bar to a prosecution for the other. 5 Ill. 2d 556, 562.

In the instant case, there was sufficient evidence presented by the State to sustain a conviction of theft for the exertion of unauthorized control over Ms. Perkins' automobile on November 11, 1979. The evidence of the events that occurred on October 31, 1979, was introduced to establish the defendant's knowledge and intent and was properly admitted for that purpose. Also, only one offense of automobile theft was involved in the instant case, so that a conviction would be a bar to a subsequent prosecution for that same offense. This case is clearly distinguishable from *Rivas.*

In *McIntosh,* an automobile-theft case, the State's theory in the trial court was directed towards proof of the

defendant's guilt of the initial theft. The indictment gave the correct date of the initial theft but gave the location of the later unauthorized possession. The State, with the consent of defense counsel, made a motion to delete the address of the unauthorized possession as mere surplusage. The motion was granted on the first day of trial. The defendant made no challenge to the sufficiency of the indictment at trial. On appeal, the defendant argued that since the location of the unauthorized possession was not shown to be in the county where he was being prosecuted, proper venue was not established and his conviction should accordingly be reversed. The appellate court looked to the record of the case as a whole to determine the State's theory of the case and rejected the defendant's argument. The court found that the State was charging the defendant with the initial theft and that venue had been properly established for the initial theft.

It is clear from the record in the case at bar that the State's theory was directed towards proof of the defendant's guilt of exertion of unauthorized control over Ms. Perkins' automobile in Will County, not with the initial theft in Cook County. The location specified in the information was Will County, and the proof at trial was consistent with the State's theory. Thus, there was no defect regarding venue in this case.

Accordingly, for all the reasons stated, the judgment of the appellate court, affirming the circuit court, is affirmed.

*Judgment affirmed.*