THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFREY ALEXANDER, Defendant-Appellant.

First District (2nd Division)   No. 81—3108

Opinion filed September 6, 1983.—Rehearing denied October 25, 1983.

Steven Clark and Donna Finch, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Thomas J. Finn, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant, Jeffrey Alexander, appeals from his convictions of armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2); burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1); unlawful restraint (Ill. Rev. Stat. 1979, ch. 38, par. 10—3); and, armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2). The sentences imposed were concurrent terms of 20 years' imprisonment on both the armed robbery and armed violence counts; seven years' imprisonment on the burglary count; and three years' imprisonment on the unlawful restraint count.

Three grounds for reversal are presented by defendant: (1) that his four convictions are violative of the double jeopardy clause of the fifth amendment to the United States Constitution; (2) that the trial court clearly abused its discretion in determining his sentence; and (3) that his conviction for unlawful restraint should be vacated since it is based on the same act as the armed violence conviction. As the issue of reasonable doubt was not raised, only the pertinent evidence will be summarized.

On the afternoon of October 31, 1979, defendant broke into the Perkins' residence located in Flossmoor, Illinois. Armed with an Ivers-Johnson .22-caliber revolver, defendant grabbed complainant, Mrs. Leola Perkins, demanded her money and jewelry and, while brandishing the gun, threatened to return and kill her if she reported the incident to the police.

Upon discovering that complainant's husband and children were to arrive home later that afternoon, defendant compelled complainant to go to various rooms to secure jewelry and money in the total amount of $115. At one point, complainant ran for the front door, but defendant grabbed her around the neck before she could reach the outside. He then held complainant between his arm and body, and proceeded to strike her in the face three or four times while yelling obscenities at her. Dragging her down the hall back to the kitchen, defendant pushed complainant on the floor and told her to stay there as he continued to search through the purse.

For the fifth time, defendant made a demand for more money. Complainant, sensing his desperation, informed defendant that more money was available in her children's savings account. At gunpoint, complainant was then forced into her 1973 Buick Electra, and was instructed to drive to South Suburban Federal Savings located in Flossmoor Commons. On the way to the bank defendant told complainant that she was to go into the bank alone, withdraw funds from the account and, were she not to bring the money out, he would return and

kill her as well as everyone in her family. Leaving the keys in the car with defendant, complainant entered the bank and immediately advised bank personnel of the situation. As an employee of the bank was telephoning the police, defendant drove off in the Buick Electra.

On the night of November 11, 1979, officers of the Crete police department found defendant sitting behind the wheel of complainant's car as it was parked along a street in Crete, located in Will County, Illinois. Following a registration check confirming that the vehicle had been stolen, the police officers placed defendant under arrest.

The State's Attorney of Will County thereupon charged defendant with the felony theft of complainant's car, in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)). After a bench trial in June 1980, defendant was found guilty as charged and received a three-year sentence. That conviction was affirmed by both the appellate and supreme courts. *People v. Alexander* (1981), 99 Ill. App. 3d 810, 425 N.E.2d 1386, *aff'd* (1982), 93 Ill. 2d 73, 442 N.E.2d 887.

On February 4, 1980, a Cook County grand jury charged defendant with having committed armed robbery, burglary, home invasion, armed violence and unlawful restraint. Following a jury trial, defendant was found guilty of armed robbery, burglary, unlawful restraint and armed violence. From these convictions defendant now appeals.

I

■ We first consider defendant's contention that his Cook County convictions are violative of the double jeopardy clause of the fifth amendment to the United States Constitution. Specifically, he maintains that since these crimes, as well as the Will County felony theft, were not joined and tried in Cook County—the place of complainant's residence and South Suburban Federal Savings—the present action proceeded in violation of the constitutional prohibition against double jeopardy. We find this assertion to be without merit.

Defendant's reliance on *People v. Zegart* (1980), 83 Ill. 2d 440, 415 N.E.2d 341, *cert. denied* (1981), 452 U.S. 948, 69 L. Ed. 2d 961, 101 S. Ct. 3094, is misplaced. The *Zegart* court held that the double jeopardy clause was violated where the State attempted to charge defendant for reckless homicide, after he was already convicted of crossing over a highway dividing median. The State was thus precluded from using the same factual basis which led to the first conviction as the basis for the second conviction. 83 Ill. 2d 440, 445.

Here, defendant was tried and convicted on completely distinct offenses, the commission of which occurred in two counties on two sepa-

rate dates. Moreover, the State in no way attempted to prove that defendant committed armed robbery, burglary, armed violence and unlawful restraint in Cook County on October 31, 1979, by showing defendant's exertion of unauthorized control over the Buick Electra in Will County on November 11, 1979. Defendant cites the related case, *People v. Alexander* (1981), 99 Ill. App. 3d 810, 425 N.E.2d 1386, *aff'd* (1982), 93 Ill. 2d 73, 442 N.E.2d 887, for the proposition that the State is prohibited from bringing a second prosecution based on the same factual situation which led to a conviction in a prior trial. We do not question the accuracy of this statement of well-settled decisional law. However, we find no merit to defendant's assertion that the facts of this case warrant the application of such authority. The factual basis which led to the felony conviction in Will County was not used as the basis for the Cook County convictions; for, the *Alexander* court concluded that "the State's theory was directed towards proof of the defendant's guilt of exertion of unauthorized control over Ms. Perkins' automobile in Will County, *not* with the initial theft in Cook County" (emphasis added). *People v. Alexander* (1982), 93 Ill. 2d 73, 81.

It is well established that there is no requirement of joinder or of a single disposition of multiple crimes which arise from a series of acts. (*People v. Griffin* (1967), 36 Ill. 2d 430, 433-34, 223 N.E.2d 158; *People v. Patete* (1980), 91 Ill. App. 3d 655, 657, 419 N.E.2d 921.) Because the offense in Will County was a crime entirely separate from the events which were the bases for the Cook County indictment, we are of the opinion that multiple prosecutions were permissible.

Moreover, proper venue over the charges of armed robbery, burglary, armed violence and unlawful restraint could only lie in Cook County; for, all of the events giving rise to these crimes occurred in Flossmoor, a village located within Cook County. Whereas, the supreme court in *People v. Alexander* (1982), 93 Ill. 2d 73, 81, indicated that proper venue over the charge of felony theft existed in Will County; for, it was there that defendant was found by the Crete police officers to be exerting unauthorized control over complainant's car.

We further note that reference to the 1973 Buick Electra as an item stolen from the person and presence of complainant, at gunpoint, was stricken from count II of the Cook County indictment. Thus, as the trial court correctly stated: "The elimination, then, of the 1973 Buick motor vehicle from Count II eliminates the problem of double jeopardy." See *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260; *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.

## II

■■■ Next, defendant contends that the trial court clearly abused its discretion in determining his sentence. We disagree.

Our supreme court has firmly established that the determination of a sentence is a matter of judicial discretion and that, absent an abuse of this discretion, the sentence imposed by the trial court may not be altered upon review. *People v. Cox* (1980), 82 Ill. 2d 268, 275, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.

In addition to providing for the possibility of the offender's rehabilitation, we recognize that the trial court is also charged with the "delicate responsibility" of fashioning a sentence that will protect the interests of society. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 155, 368 N.E.2d 882.) Our review of the record in the present case clearly indicates that the lower court was fully aware of defendant's past record, as well as his personal traits and family situation. However, it is also readily discernible that the court was faced with the task of imposing on defendant a penalty that was commensurate with the degree of seriousness involved in the offenses he committed.

Here, as the trial court aptly commented, complainant was put through "an experience in terror that will affect her sense of security for a long time to come." For, upon breaking into her home, defendant did not just take cash and jewelry, and then leave. Rather, he proceeded to first put a .22-caliber revolver to complainant's head and threaten to kill her, as well as her entire family, should she ever cooperate with the police in his apprehension; second, he repeatedly dragged her throughout her own home in search of more and more money and jewelry; third, after grabbing complainant by the neck to foil her escape attempt, he angrily beat her in the face three or four times while screaming obscenities at her; fourth, he then threw her on the floor and continued to desperately demand, as well as search for, more money; fifth, he forced complainant at gunpoint to drive him in her car to a bank in order that she could withdraw money from her children's savings account to further satisfy his financial desires; and sixth, while en route to the bank, he once again threatened to return and kill complainant, as well as her entire family, were she not to comply with his instructions.

At the hearing in aggravation and mitigation, there was a stipulation that if Barbara Broderick were called to the witness stand, she would testify that on October 24, 1979, upon returning to her home in Flossmoor, she was confronted by a man closely resembling defendant. This man proceeded to grab and drag her into a bedroom; he made a

demand for money and jewelry; he made her lay on the floor while he bound her; and, he then robbed her of jewelry and over $100 in cash. Defendant asserts that his counsel withdrew this stipulation; however, our review of the record indicates that the trial court did not permit the withdrawal, and referred to it only for the purpose of illustrating defendant's *modus operandi* on October 31, 1979.

Defendant asserts that Ms. Broderick's stipulated testimony was incompetent information erroneously considered by the trial court as an aggravating factor. We find this argument to be without substance since our supreme court has recently held that evidence of other offenses not resulting in a conviction can be considered by a trial judge when determining a particular defendant's sentence; for, the court is not strictly limited to consideration of only that information which would be admissible under the adversary circumstances of a trial. *People v. La Pointe* (1981), 88 Ill. 2d 482, 499, 431 N.E.2d 344.

In addition to the foregoing, the trial court indicated that a presentence report had been received. Recognizing that the trial court's determination of a sentence is entitled to great deference and weight on appeal, we are of the opinion that, based upon a review of the record in the case at bar and irrespective of the alleged facts in the Broderick incident, defendant's 20-year sentence should not be reduced.

### III

■ Defendant maintains that his conviction for unlawful restraint should be vacated since it is based on the same act as the armed violence conviction. As the State concedes, however, it is defendant's armed violence conviction that must be vacated in accordance with *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512. We do not believe that the vacation of this single conviction necessitates resentencing defendant on the remaining charges. The sentence of 20 years imposed on the armed robbery count was within the limits permitted by statute (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(3)), and was justified based upon the nature and gravity of defendant's acts. Likewise, the other concurrent sentences were justified.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and vacated in part in accordance with the views expressed herein.

Affirmed in part and vacated in part.

STAMOS and PERLIN, JJ., concur.