2024 IL App (1st) 231914-U

No. 1-23-1914

Order filed December 5, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 MC4 001764 (01) |
| | ) | |
| ROBERT PHILLIPS, | ) | Honorable |
| | ) | Stanley L. Hill, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OCASIO delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court judgment is affirmed where (1) the evidence was sufficient to prove defendant guilty of criminal damage to property, and (2) the trial court did not assume an adversarial role on behalf of the State. We vacate the restitution order and remand for a new hearing on the amount of restitution to be imposed.

¶ 2    Following a bench trial, defendant Robert Phillips was found guilty of one count of criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2022)), sentenced to 12 months' supervision, and ordered to pay $133 in restitution. On appeal, Phillips argues that (1) the evidence

was insufficient to prove him guilty of criminal damage to property, (2) the judge assumed an adversarial role on behalf of the State when he questioned Phillips and *sua sponte* allowed the State to reopen its case-in-chief, and (3) the court ordered restitution without sufficient evidence of the costs incurred by the victim. We affirm Phillips's conviction, vacate the restitution order, and remand for a hearing on the amount of restitution to be imposed.

¶ 3 Phillips was charged by separate complaints with three counts of criminal damage to property for incidents on November 7, 2021, March 20, 2022, and May 5, 2022. On all three dates, Phillips was alleged to have damaged Tamika Howard's Ring camera, which cost $133 to repair for each incident. On March 20, 2022, Phillips was additionally alleged to have been observed on Ring camera footage striking the rear driver's side window of Howard's vehicle with an object.

¶ 4 At trial, Howard testified that she lived in Maywood, Illinois. When the State questioned Howard about what she was doing on May 5, 2022, Howard testified that she did not recall because she did not have her "records." She asked the State if that was the day that she "called the police or had an incident with Mr. Phillips." The State responded affirmatively. Howard then testified that she knew that she filed "many police reports" about Phillips, because he "tore off" and stole her cameras, "bust[ed her] car window," and stole her "plate."

¶ 5 The court requested that the State read aloud the complaint for the March 20, 2022, incident. The State read the portion of the complaint that alleged that Phillips was observed on a Ring camera approaching Howard's vehicle and striking the rear driver's side window with an object. Howard testified that, on that day, she saw Phillips, whom she identified in court, in the front of her building. Phillips went around the building, "bust[ed her] window with a hammer," and ran.

¶ 6    The State then read the complaint regarding the May 5, 2022, incident, which alleged that Phillips damaged Howard's Ring camera on her apartment building without her consent. Howard testified that, on that day, Phillips broke off the camera with a brick and stole it, requiring her to replace it. Howard filed a police report and took photographs.

¶ 7    Lastly, the State read the complaint regarding the November 7, 2021, incident, which stated that Phillips knowingly damaged Howard's Ring camera without her consent. Howard testified that Phillips "broke it and he stole it and then he left," after which she filed a police report.

¶ 8    The court questioned Howard as follows:

"THE COURT: Did you give him consent to break your window?

[HOWARD]: No, I did not.

THE COURT: Did you give him consent to break your camera?

[HOWARD]: No, I did not.

THE COURT: Did you give him consent to break the camera the second time?

[HOWARD]: No, I did [*sic*]."

¶ 9    On cross-examination, Howard stated that she did not recall what exactly happened on those dates because she did not "have [her] records." Howard was unsure whether she signed complaints in November 2021 and March 2022 but denied that she only filed complaints in May 2022. She denied that she did not provide pictures of the damage or footage from the cameras. Howard denied that on March 20, 2022, she only viewed the incident from her Ring camera rather than personally observing it. Howard had three Ring cameras and provided footage from them to the assistant state's attorney.

¶ 10    The State rested its case-in-chief, and the court asked the State "what happened" to the videos. The State responded that it "tried" to introduce the Ring camera footage, but "[b]ased off the Court's direct examination [of Howard] *** couldn't find the time …." The court then directed the State to reopen its case in order to publish the footage and a related photograph, over defense counsel's objection. The State then presented what it referred to as video from May 5, 2022, stating that video from the other dates "were not tendered." Defense counsel objected that the State laid no foundation for the video. The court overruled the objection, allowing Howard to testify again.

¶ 11    Howard was recalled and identified a photograph of Phillips, but she was unable to affirm whether it depicted Phillips on May 5, 2022, because she did not "have [her] records." The State informed the court that the photograph depicted Phillips on May 5, 2022, and Phillips spontaneously uttered that he was the subject of the photograph. Howard further testified that her Ring camera captured footage from the same day as the photograph depicting Phillips and identified the video. Howard testified that Phillips was depicted in the video.

¶ 12    The video, which is included in the record on appeal and has been viewed by this court, was filmed at night and shows the back porch of a residential building with a vehicle parked in the rear. A person, dressed in dark colors, approaches the vehicle and throws an object through the rear passenger window, breaking it. The person then flees. The video is under one minute in duration and the timestamp on the footage states "3/20/2022" at 19:48 CDT. The photograph, which is undated, is also included in the record and depicts Phillips standing on the front porch of the residence during the day.

¶ 13    Defense counsel moved for a directed finding, which the court granted with respect to the November 7, 2021, and March 20, 2022, charges, because videos from those dates were not

"provided" to the court. The court denied the motion with respect to the May 5, 2022, charge incident, which alleged that Phillips knowingly damaged Howard's Ring camera. The court noted it would be reasonable to infer that Phillips damaged Howard's cameras in November 2021 and March 2022, but Howard did not report any incidents until May 5, 2022. Further, Phillips "admitted" that he was the subject of the photograph on that date.

¶ 14 Defense counsel argued in closing that the State presented no evidence regarding the damage and the events in the video did not match the alleged incident from the May 5, 2022, complaint.

¶ 15 The court found Phillips guilty of criminal damage to property, Howard's Ring camera. The court stated Howard's testimony was "clear and convincing" and sufficient to convict Phillips. The court noted the "reasonable inference" that a Ring camera has value and that the State had to prove damage to property, not the value of that damaged property.

¶ 16 After a hearing *instanter*, the court sentenced Phillips to 12 months' supervision, imposed $133 in restitution, and ordered no contact with Howard.

¶ 17 Defense counsel subsequently filed a motion and three amended motions for a new trial, arguing, in relevant part, that Howard was not credible and misremembered the events of May 5, 2022, as the evidence presented did not correspond to the alleged incident on that date.

¶ 18 The court denied Phillips's motions, finding that the evidence was sufficient to prove Phillips damaged Howard's Ring camera on May 5, 2022, without her consent. The court recited Howard's testimony in detail. It stated that, although Howard was "not exactly sure of dates," she testified credibly that Phillips came up and broke her camera with a brick and she filed a police report the same day. The court noted that "a date is not an essential element of a criminal damage

to property offense." Also, "it was apparent" the State did not prepare Howard for trial, so the court needed to interject questions for clarity. The court noted that it had discretion to allow the State to reopen its case-in-chief, and Phillips spontaneously stated in open court that he was in the photograph.

¶ 19    On appeal, Phillips first argues that the evidence was insufficient to prove him guilty of criminal damage to property because Howard's testimony was not credible and was not supported by the video, photograph, or any physical evidence.

¶ 20    The standard of review for a challenge to the sufficiency of the evidence is "whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.) *People v. Belknap*, 2014 IL 117094, ¶ 67. The trier of fact resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. *People v. Brown*, 2013 IL 114196, ¶ 48. Accordingly, this court will not retry the defendant or substitute its judgment for that of the trier of fact on the weight of the evidence or credibility of witnesses. *Id*. A reviewing court must allow all reasonable inferences from the record in favor of the prosecution (*People v. Cunningham*, 212 Ill. 2d 274, 280 (2004)) and will not reverse a conviction unless the evidence is "unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt" (*People v. Jackson*, 232 Ill. 2d 246, 281 (2009) (internal quotation marks omitted)).

¶ 21    Here, Phillips was charged with criminal damage to property. To prove the offense, the State had to establish beyond a reasonable doubt that Phillips knowingly damaged Howard's property. 720 ILCS 5/21-1(a)(1) (West 2022).

¶ 22    Viewed in the light most favorable to the State, the evidence was sufficient to establish that Phillips knowingly damaged Howard's Ring camera on May 5, 2022. Howard testified that on May 5, 2022, Phillips, whom she identified in court, broke off the camera with a brick and stole it. The testimony of a single witness is sufficient to convict if the testimony is positive and credible, even where it is contradicted by the defendant. *People v. Gray*, 2017 IL 120958, ¶ 36. The trial court found Howard's testimony that Phillips broke her Ring camera to be credible, despite her inability to recall the exact date the events happened. We defer to those credibility determinations. See *Brown*, 2013 IL 114196, ¶ 48. Therefore, Howard's testimony is sufficient for a rational trier of fact to find the elements of criminal damage to property beyond a reasonable doubt.

¶ 23    Phillips nevertheless contends that Howard's testimony was not credible because she was unable to remember when the incidents occurred and no physical evidence regarding the condition of the Ring camera corroborated her testimony. Phillips argues the footage from the Ring camera was marked March 20, 2022, not May 5, 2022, lacked foundation, and, in any event, does not depict him damaging a Ring camera. Rather, it shows an unidentifiable person damaging a vehicle. Citing the identification factors outlined in *Neil v. Biggers*, 409 U.S. 188 (1972), Phillips also contends Howard did not explain how she could identify him as the person who broke her camera, and her testimony was unclear as to whether she personally observed Phillips causing the damage "in real time" or viewed footage of it after the fact.

¶ 24    As the court noted in denying the motions for a new trial, a date is "not an essential element" of criminal damage to property. See *People v. Alexander*, 93 Ill. 2d 73, 77-78 (1982) (finding no fatal variance between the date a crime was alleged to occur and proof that the crime occurred on another date where "a particular time was not an essential element of the crime and

the expiration of the statute of limitations was not at issue"). Howard testified that Phillips destroyed her cameras multiple times, requiring her to file many police reports, but could not recall the precise dates that each event occurred. Each complaint asserted that Phillips broke Howard's camera, and she specifically testified that Phillips broke her Ring camera with a brick and stole it on May 5, 2022. The court found Howard credible, despite her inability to recall the date each event happened, and we will not disturb that credibility determination. See *Brown*, 2013 IL 114196, ¶ 48.

¶ 25    The trial court could similarly credit Howard's identification of Phillips as reliable because she testified that Phillips had vandalized her property multiple times and Phillips admitted in open court that he was the subject of the undated photograph from the Ring camera on her property, which shows him on her porch. Further, even discounting the undated photograph and the video footage depicting a March 2022 incident, Howard's testimony alone regarding the May 5, 2022, incident was uncontradicted and is sufficient to convict. *Gray*, 2017 IL 120958, ¶ 36.

¶ 26    Lastly, the record rebuts Phillips's contention that it is unclear whether Howard only viewed him via the Ring camera footage rather than "in real time" as, on cross-examination, Howard denied that she only viewed him on the footage. Defense counsel did not interrogate Howard further in this line of questioning.

¶ 27    In sum, Howard's testimony, taken in the light most favorable to the State, is not so "unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt." See *Jackson*, 232 Ill. 2d at 281. Therefore, the evidence was sufficient to convict Phillips of criminal damage to property, namely, that he damaged Howard's Ring camera on May 5, 2022. See *Belknap*, 2014 IL 117094, ¶ 67.

¶ 28    Phillips next contends that he was denied a fair trial because the trial court abandoned its role as a neutral arbiter in questioning Howard and allowing the State to reopen its case-in-chief *sua sponte*, which evinced the court's predetermination of the case in the State's favor.

¶ 29    As an initial matter, Phillips notes that his trial counsel did not preserve the issue for review, but he posits that because the trial court's conduct is at issue, the waiver rule does not apply. See *People v. Bedenkop*, 252 Ill. App. 3d 419, 424 (1993) (the waiver rule does not apply in proceedings where the trial judge assumes a prosecutorial role). Alternatively, Phillips seeks review under both prongs of the plain error doctrine. The plain error doctrine allows a reviewing court to consider an unpreserved claim where a clear and obvious error occurred and (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, or (2) the error is so serious that it affected the fairness of the trial and challenged the integrity of the judicial process. *People v. Sebby*, 2017 IL 119445, ¶ 48. The first step of the review is to determine whether there was a clear or obvious error at trial. *Id*. ¶ 49. Here, we need not determine whether the waiver rule is inapplicable or plain error is implicated because we find no error.

¶ 30    "[A] trial judge may aid in bringing out the truth in a fair and impartial manner." *People v. Evans*, 2017 IL App (1st) 150091, ¶ 24. The court may, therefore, *sua sponte* call witnesses and examine witnesses called by either party. *Id*. ¶ 25. "It is well established that a trial judge has the right to question witnesses in order to elicit the truth or to clarify issues which seem obscure." (Internal quotation marks omitted.) *People v. Sidney*, 2021 IL App (3d) 190048, ¶ 28 (quoting *People v. Williams*, 173 Ill. 2d 48, 79 (1996)). A trial court also has discretion to reopen a case on

its own motion where a sound basis appears in the record, and the propriety of such a measure depends on the circumstances of the case. *Evans*, 2017 IL App (1st) 150091, ¶ 25.

¶ 31    It is, however, an abuse of discretion for a judge to assume the role of an advocate. *Id*. But "a suggestion that the State present evidence proving essential elements of an offense is not an assumption of the role of a prosecutor." *Id*. In a bench trial, the danger of prejudice is lessened "sharply" from a judge's questioning of a witness, but prejudice is shown "when the tenor of the court's questioning indicates the court has prejudged the outcome" of the case. (Internal quotation marks omitted.) *People v. Holland*, 2023 IL App (4th) 220384, ¶ 41.

¶ 32    Here, the court did not abuse its discretion in questioning Howard. The court merely questioned Howard as to whether she gave consent for Phillips to break her window and cameras, and the tenor of the court's clarifying questions do not establish that it prejudged the outcome of the case. See *id*.

¶ 33    Nor did the court abuse its discretion in allowing the State to reopen its case to present the video and photographic evidence. The State's representations on the record suggest that it intended to present the evidence during Howard's direct examination, but the court's questioning of Howard impeded its attempts to do so. Under those circumstances, we do not find impropriety in the court's decision to allow the State to reopen its case to present the video and photograph as originally intended. See *Evans*, 2017 IL App (1st) 150091, ¶ 25. Because the record does not demonstrate that the court acted as an advocate, we find it did not abuse its discretion in questioning Howard or allowing the State to reopen its proofs. See *id*.

¶ 34    Lastly, Phillips argues, and the State concedes, that the trial court improperly ordered him to pay restitution for the damage to Howard's Ring camera without sufficient evidence as to the actual losses suffered by Howard.

¶ 35    Phillips recognizes that he did not raise his restitution challenge before the trial court, forfeiting the claim. See *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010). However, he seeks review under the second prong of the plain error doctrine as the restitution order entered without any evidentiary basis denied him a fair sentencing hearing. Indeed, errors in imposing restitution fall within the second prong of the plain error doctrine. *People v. Birge*, 2021 IL 125644, ¶¶ 44-51.

¶ 36    We agree with the parties that the restitution order was improperly imposed. Under section 5/5-5-6 of the Unified Code of Corrections, a trial court can impose restitution at sentencing after assessing "the actual out-of-pocket expenses" suffered by the victim. 730 ILCS 5/5-5-6(a), (b) (West 2022). Thus, "the trial court must evaluate the actual costs incurred by the victim and cannot rely on conjecture or speculation as to the amount to be awarded." *Birge*, 2021 IL 125644, ¶ 48. Here, no evidence regarding Howard's actual losses was presented to the court. Therefore, we vacate the restitution order and remand to the circuit court for a new hearing and a determination as to the appropriate amount of restitution owed. See *id.* ¶ 53.

¶ 37    For the reasons stated, we vacate the restitution order and remand the matter for a new hearing on restitution. We otherwise affirm the judgment of the circuit court of Cook County.

¶ 38    Affirmed in part; restitution order vacated; cause remanded with instructions.