NOTICE
Decision filed 04/15/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 170244-U

NO. 5-17-0244

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 97-CF-302 |
| | ) | |
| CHARLES BRUCE THOMAS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The judgment of the circuit court dismissing the defendant's amended successive postconviction petition at the second stage of proceedings is affirmed where the claims raised therein were procedurally defaulted.

¶ 2    The defendant, Charles Bruce Thomas, appeals the dismissal of his amended successive postconviction petition. On appeal, he argues, *inter alia*, he received ineffective assistance of counsel in that his trial counsel was an out-of-state attorney and was not licensed to practice law in Illinois. For the following reasons, we affirm.

1

¶ 3                                    BACKGROUND

¶ 4     In November 1997, Thomas was charged with two counts of first degree murder for the death of Anissa Green. Attorneys Terry Kaufman and Charles M. Shaw, a Missouri attorney who was not licensed in Illinois, entered their appearance for Thomas. For reasons which are not apparent from the record attorney Kaufman did not participate in the case after the *voir dire*. Following a September 1998 jury trial, Thomas was found guilty of both counts. At the sentencing hearing, the State noted that attorney Kaufman had not been involved in the case since before the *voir dire* and wanted to "make sure that there's a formal order" admitting attorney Shaw *pro hac vice*. The trial judge recalled entering such an order but stated that "if in looking through the record there has not been an order entered of record, the Court will enter that order *nunc pro tunc* to the date that the Entry of Appearance of Mr. Shaw and Mr. Kaufman was filed." Thomas was sentenced to two concurrent 60-year terms of imprisonment. That same day the trial court entered a docket order *nunc pro tunc* finding that on November 26, 1997, attorney Shaw had been granted leave to appear *pro hac vice*.

¶ 5     Thomas's convictions were affirmed on appeal. *People v. Thomas*, No. 5-99-0220 (2000) (unpublished order under Illinois Supreme Court Rule 23). On December 27, 2000, Thomas filed a postconviction petition arguing that the evidence was insufficient, and that attorney Shaw had provided ineffective assistance by failing to pursue an involuntary manslaughter defense. Counsel was appointed and filed an amended postconviction petition. Thomas subsequently filed a motion to dismiss counsel and to proceeded *pro se*. Following a hearing on December 9, 2002, the court granted Thomas's motions to dismiss

2

appointed counsel, leave to proceed *pro se*, and leave to file an amended postconviction petition. Thomas thereafter filed *pro se* a second amended postconviction petition arguing that trial counsel was ineffective for failing to file a motion to suppress evidence seized from Thomas's home, that the trial court erred in refusing to give an instruction on the lesser-included offense of involuntary manslaughter, that he was denied a fair trial when the State was permitted to amend the indictment during the trial to add an allegation that Thomas had killed Green by forcing her to ingest a lethal dose of cocaine, and that appellate counsel was ineffective for failing to raise these issues on direct appeal. The State filed a motion to dismiss the second amended postconviction petition. Following an April 7, 2003, hearing, the trial court granted the State's motion and dismissed Thomas's second amended petition for postconviction relief. We affirmed. *People v. Thomas*, No. 5-03-0256 (2004) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6 On February 13, 2007, Thomas filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2006)). The trial court recharacterized the petition as a successive postconviction petition and summarily dismissed it. We affirmed. *People v. Thomas*, No. 5-07-0486 (2010) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7 On December 3, 2010, Thomas filed another petition for relief from judgment, which the trial court denied *sua sponte*. We affirmed. *People v. Thomas*, 2013 IL App (5th) 110292-U. On May 7, 2013, while his appeal in No. 5-11-0292 was pending, Thomas filed yet another petition for relief from judgment, which the trial court dismissed as untimely. We dismissed the appeal for want of jurisdiction, noting that the trial court had vacated the

order of dismissal and that the judge had recused herself the day before Thomas filed his notice of appeal. *People v. Thomas*, No. 5-13-0375 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On August 13, 2013, a different judge again dismissed Thomas's postjudgment petition as untimely and we affirmed. *People v. Thomas*, 2014 IL App (5th) 130529-U.

¶ 8    On March 25, 2014, Thomas filed a motion for leave to file the successive postconviction petition at issue in this appeal. The circuit court granted leave and appointed attorney Paige Clark Strawn to represent Thomas. Thomas subsequently filed a motion seeking to waive counsel and attorney Strawn filed a motion seeking leave to withdraw as counsel, alleging that there had been a breakdown in the attorney/client relationship, and that Thomas wanted Strawn to withdraw and to proceed *pro se*. Following a hearing at which Thomas requested standby counsel, the court granted attorney Strawn's motion to withdraw and advised Thomas that it would appoint another attorney to represent him. Attorney Scott Quinn was appointed to represent Thomas. At a subsequent hearing, Quinn advised the court that Thomas was concerned that Quinn was unwilling to raise certain issues. In response to the court's inquiry, Thomas proposed that he proceed *pro se* with Quinn as standby counsel. The court agreed.

¶ 9    On April 1, 2016, Thomas filed *pro se* an amended successive postconviction petition in which he argued (1) that he was denied the effective assistance of counsel because attorney Shaw was not licensed to practice law in Illinois; (2) that attorney Shaw failed to comply with Illinois Supreme Court Rule 707 (eff. July 1, 1992), which allows out-of-state attorneys to appear as counsel and to provide legal services; (3) that the trial

4

court erred in entering an order *nunc pro tunc* granting attorney Shaw *pro hac vice* admission; (4) that attorney Shaw provided ineffective assistance by failing to argue that Thomas's convictions were void because he had been represented at trial by a person who was not licensed to practice law in Illinois; (5) that he was denied the effective assistance of counsel where trial counsel failed to "seriously" challenge the trial court's overruling his objection to the State's motion to amend the indictment; (6) that counsel was ineffective for failing to offer testimony from a pathologist to counter testimony from the State's pathologist regarding when cocaine was given to Green; (7) that counsel was ineffective for failing to challenge the veracity of the affidavit used to obtain the search warrant for his residence; (8) that counsel was ineffective for failing to challenge the veracity of the affidavit used to obtain the search warrant for his vehicle; (9) that the trial court allowed attorney Shaw to represent him at trial knowing that he was not licensed in Illinois; (10) the State failed to report Shaw's unauthorized practice of law to the Attorney Registration and Disciplinary Commission (ARDC); (11) that counsel was ineffective for failing to tender an instruction on the lesser-included offense of aggravated battery; (12) that appellate counsel rendered ineffective assistance by failing to argue that the trial court erred in denying his request for a lesser-included offense of manslaughter; (13) that appellate counsel rendered ineffective assistance by failing to argue that the trial court erred in denying his request for a continuance; (14) that appellate counsel rendered ineffective assistance by failing to argue all of the claims above; (15) that postconviction counsel had provided unreasonable assistance for failing to raise the aforementioned claims; and (16) that the cumulative effect of all of these errors denied him due process. The State

responded with a motion to dismiss, arguing that all of Thomas's claims were either barred by *res judicata* or could have been raised on direct appeal or in his prior collateral attacks on his conviction. Following a hearing, the trial court granted the State's motion to dismiss. Thomas appeals.

¶ 10                                    ANALYSIS

¶ 11    On appeal, Thomas argues that the trial court erred in dismissing his amended successive postconviction petition (1) because attorney Shaw was not licensed to practice law Illinois nor granted permission to appear *pro hac vice* under Rule 707 prior to representing him in his trial; (2) in refusing to relax the waiver rules applicable to postconviction petitions regarding the licensing issue; (3) because he made a substantial showing of actual innocence; (4) because he made a substantial showing of a constitutional violation to warrant a third-stage evidentiary hearing; and (5) because the postconviction court did not apply a cause-and-prejudice test to each individual claim of his amended successive postconviction petition.

¶ 12    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) allows state prisoners to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution." *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). The Act provides a three-stage process for adjudicating postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. At the first stage, the circuit court has 90 days to examine the petition and to determine, without input from the State, whether it is frivolous and patently without merit and, if so, to summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2014). If the court does not summarily dismiss

the petition it moves to second-stage proceedings. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). At the second stage of proceedings, the State files an answer to the petition or a motion to dismiss. *Id.* at 10-11. When confronted with a motion to dismiss a postconviction petition, "the circuit court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act." *Coleman*, 183 Ill. 2d at 380. At this stage of the proceedings, the circuit court is not to engage in any fact finding. *Id.* at 380-81. All facts not rebutted by the record are accepted as true. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). A third-stage "hearing is required whenever the petitioner makes a substantial showing of a violation of constitutional rights." *Coleman*, 183 Ill. 2d at 381. We review the dismissal of a postconviction petition *de novo*. *Id.* at 387-89.

¶ 13    Section 122-3 of the Act, which provides that any claim not raised in the original or an amended petition is forfeited (725 ILCS 5/122-3 (West 2014)), contemplates the filing of only one postconviction petition. *People v. Evans*, 186 Ill. 2d 83, 89 (1999). All issues that were decided in the original postconviction proceeding are barred by the doctrine of *res judicata*, and all issues that could have been raised in the original postconviction proceeding, but were not, are forfeited. *People v. Holman*, 2017 IL 120655, ¶ 25. The procedural bar of forfeiture is not merely a rule of judicial administration; it is an express statutory requirement under the Act. 725 ILCS 5/122-3 (West 2014). There are two bases upon which the bar against successive postconviction petitions will be relaxed. *People v. Edwards*, 2012 IL 111711, ¶ 21. The first is the cause-and-prejudice test enunciated in *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002), and codified in section 122-1(f) of the

7

Act, which provides that only one postconviction petition may be filed without leave of court and that leave may be granted only where the petitioner demonstrates cause for failing to raise the claims in question in the initial postconviction petition and prejudice results from that failure. 725 ILCS 5/122-1(f) (West 2014). Section 122-1(f) further provides that to demonstrate cause, a petitioner must identify an objective factor that prevented him from raising the claim in his initial postconviction proceeding and that to demonstrate prejudice, the petitioner must demonstrate that the claim so infected the proceeding that the resulting conviction or sentence violated due process. *Id*. This is a higher standard than the frivolous and patently without merit standard used to determine whether a postconviction petition should be dismissed at the first stage. *Id*.

¶ 14    The second basis for relaxing the bar against successive postconviction petitions is the "fundamental miscarriage of justice" exception, which requires the petitioner to show actual innocence. *Edwards*, 2012 IL 111711, ¶ 24. A petitioner seeking to file a successive postconviction petition based on actual innocence need not show cause and prejudice, but the claim must be based on newly discovered evidence which is of such conclusive character that it would probably change the result on retrial. *People v. Ortiz*, 235 Ill. 2d 319, 333 (2009).

¶ 15    "When a defendant is granted leave to file a successive postconviction petition, the petition is effectively advanced to the second stage of postconviction proceedings." *People v. Jackson*, 2015 IL App (3d) 130575, ¶ 14. The State may seek a dismissal thereof on any grounds, including the defendant's failure to prove cause and prejudice for not having

raised the claims in the initial postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 26.

¶ 16                                    Attorney Shaw

¶ 17    We address Thomas's first, second, and fourth claims together because they are interrelated. Thomas argues that he was denied the effective assistance of counsel where attorney Shaw was not licensed to practice law in Illinois and his admission *pro hac vice* was improper. Thomas contends that these claims were not raised on direct appeal because appellate counsel provided ineffective assistance, and that they were not raised in any of the previous collateral attacks because he first learned that Shaw was not licensed to practice law in Illinois on November 14, 2012, when, in response to his inquiry, he received a letter from the ARDC stating that attorney Shaw had never been admitted to practice law in Illinois. Citing *People v. Brigham*, 151 Ill. 2d 58 (1992), Thomas argues that appellate counsel's failure to raise the issue on appeal should not result in forfeiture.

¶ 18    In *Brigham*, the defendant was convicted of numerous drug offenses and of unlawful possession of a firearm. His convictions were upheld on appeal. The defendant subsequently filed a postconviction petition arguing, *inter alia*, that he had been denied his right to the effective assistance of counsel because, unbeknownst to him, trial counsel was not on the master roll of attorneys at the time of trial, having been removed for failing to pay his annual registration dues. The circuit court dismissed the defendant's postconviction petition without an evidentiary hearing, finding that the defendant had forfeited this claim by failing to raise it on direct appeal. The court further found that forfeiture aside, trial counsel's absence from the master roll of attorneys did not result in ineffective assistance

9

of counsel. *Id.* at 59. The appellate court reversed, finding that it would be fundamentally unfair to apply the waiver rule in this situation, and that the defendant had been denied his right to counsel because of trial counsel's having been removed from the master roll of attorneys prior to representing the defendant. *Id.* at 59-60. Our supreme court agreed that application of the waiver rule would be fundamentally unfair but found that the defendant had not been denied his right to the effective assistance of counsel. *Id.* at 60. The court reasoned that it could be assumed from trial counsel's admission to the bar that counsel had the training and knowledge to effectively represent the defendant notwithstanding counsel's failure to pay his registration fee. *Id.* at 70-71.

¶ 19 This court followed *Brigham* in *People v. Lopez*, 242 Ill. App. 3d 160, 170 (1993). The defendant in *Lopez* was convicted of several drug offenses and sentenced to six years' imprisonment. On appeal, he argued, *inter alia*, that he was denied the effective assistance of counsel because counsel was not licensed to practice law in Illinois. We first considered whether he forfeited this issue by failing to raise it in a posttrial motion. We found that although failing to raise an issue in a posttrial motion generally waives that issue on appeal, claims that are not generally raised in a posttrial motion, such as ineffective assistance of counsel, are an exception to the waiver rule. *Id.* at 162.

¶ 20 Turning to the merits of the defendant's claim, we began by noting that counsel's entry of appearance indicated that he had filed an application for leave to proceed *pro hac vice*, but neither the application nor the order granting leave appeared in the record. Following *Brigham*, however, we concluded that the defendant could not establish

ineffective assistance of counsel simply because counsel was not licensed in Illinois and did not receive permission to proceed *pro hac vice*. *Id.* at 170.

¶ 21    With respect to the forfeiture issue, *Brigham* and *Lopez* are readily distinguishable. Initially, we note that the circuit court's order granting attorney Shaw leave to appear *pro hac vice* renders Shaw's lack of Illinois licensure irrelevant. That Thomas did not learn that Shaw was not licensed in Illinois until 2012 is likewise irrelevant. Thomas contends that the circuit court erred in granting Shaw leave to proceed *pro hac vice* because Shaw did not comply with Rule 707, which allows out-of-state attorneys to appear as counsel and to provide legal services. The *nunc pro tunc* order granting Shaw permission to represent Thomas *pro hac vice* was entered on November 8, 1998. Thus, the fact that Shaw had been granted permission to appear *pro hac vice* was a matter of record even before Thomas's direct appeal, and any deficiency in Shaw's *pro hac vice* admission could have been discovered through the exercise of due diligence. Thomas argues that the failure to raise this issue on direct appeal was the result of ineffective assistance of appellate counsel. Although ineffective assistance of appellate counsel would excuse his failure to raise this claim on direct appeal (*Pitsonbarger*, 205 Ill. 2d at 456), Thomas did not raise this issue in his original or first successive postconviction petition. Unlike *Brigham* and *Lopez*, this case involves a successive postconviction petition. As noted above, the Act specifically provides that any claim not raised in the original or an amended petition is forfeited. 725 ILCS 5/122-3 (West 2014). In the context of a successive postconviction petition, the procedural bar of forfeiture is not merely a rule of judicial administration; it is an express statutory requirement which will be relaxed only if the defendant can meet the cause-and-prejudice

11

test. *Pitsonbarger*, 205 Ill. 2d at 458-59. Thomas offers no reason for failing to raise this issue in his initial or first successive postconviction petition nor does he explain how Shaw's allegedly improper *pro hac vice* admission prejudiced him. Consequently, we find that the circuit court did not err in finding Thomas's claims regarding Shaw's lack of Illinois licensure and allegedly improper *pro hac vice* admission forfeited.

¶ 22 Forfeiture aside, Thomas failed to demonstrate a substantial denial of his right to the effective assistance of counsel based on attorney Shaw's lack of Illinois licensure or allegedly improper *pro hac vice* admission. *Brigham* and *Lopez* establish that a defendant is not denied the effective assistance of counsel merely because his attorney was not licensed in Illinois or not properly granted permission to proceed *pro hac vice*.

¶ 23                                   Actual Innocence

¶ 24 Thomas next argues that he was entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to tender an instruction on the lesser-included offense of aggravated battery because this claim inferred a claim of actual innocence to murder. We disagree.

¶ 25 "[T]he due process clause of the Illinois Constitution affords postconviction petitioners the right to assert a freestanding claim of actual innocence based on newly discovered evidence." *Ortiz*, 235 Ill. 2d at 331-32. To prevail on a claim of actual innocence the evidence must be (1) newly discovered, (2) material and not cumulative, and, most importantly, (3) of such conclusive character that it would probably change the result on retrial. *People v. Robinson*, 2020 IL 123849, ¶ 47. Newly discovered evidence is evidence that the defendant discovered after and that he or she could not have discovered earlier

12

through the exercise of due diligence. *Id.* Evidence is material if it is relevant and probative of the defendant's innocence; evidence is noncumulative if it adds to the evidence the factfinder heard at trial. *Id.* This argument fails for numerous reasons.

¶ 26 The "newly discovered evidence" that Thomas contends supports his claim of actual innocence is the 2012 ARDC letter stating that attorney Shaw was not licensed in Illinois. As noted above, that Shaw was not licensed in Illinois is irrelevant because he was granted permission to appear *pro hac vice*, and even assuming, *arguendo*, that such permission was improperly granted, it does not establish that Shaw rendered ineffective assistance. This "evidence" is not material to the question of whether Thomas was guilty of murder or any other offense, and it would not change the result on retrial.

¶ 27 Cause and Prejudice: Individual Claims

¶ 28 Lastly, Thomas argues that the circuit court erred by not applying the cause-and-prejudice test to each of the individual claims of his amended successive postconviction petition. The record refutes this claim. In its order dismissing Thomas's amended successive postconviction petition the court specifically found that Thomas "has not alleged any facts that would demonstrate the level of 'cause' by which he could avoid the waiver issue *on any issue*." (Emphasis added.) The record supports the circuit court's determination that Thomas failed to demonstrate cause as to any issue raised in the amended successive postconviction petition.

¶ 29 As noted above, section 122-3 of the Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2014). Where, as here, the court grants a defendant leave to file a

13

successive postconviction petition, the petition is effectively advanced to the second stage of postconviction proceedings and the State may seek a dismissal thereof on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition. *Bailey*, 2017 IL 121450, ¶ 26.

¶ 30   Although each claim in Thomas's amended successive postconviction petition contains an assertion which he refers to as "cause," these assertions are merely statements regarding the merits of the individual claim. What Thomas did not do with respect to any claim is identify an objective factor external to the defense that prevented him from raising that claim in the proceedings on his initial postconviction. By failing to do so he forfeited these claims.

¶ 31   Because Thomas failed to demonstrate cause for not raising any of the claims in his amended successive postconviction petition in his original or first successive postconviction petition, the circuit court properly granted the State's motion to dismiss the amended successive postconviction petition.

¶ 32                                          CONCLUSION

¶ 33   For the foregoing reasons, the judgment of the circuit court of Jefferson County is affirmed.

¶ 34   Affirmed.