NOTICE

Decision filed 05/07/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230440-U

NO. 5-23-0440

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 97-CF-302 |
| | ) | |
| CHARLES BRUCE THOMAS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice McHaney and Justice Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in denying the defendant-appellant's *pro se* motion for leave to file a sixth successive postconviction petition. The circuit court properly determined that any claims not raised on direct appeal or in his initial postconviction petition were forfeited, and any that were raised and decided were barred by *res judicata*. The defendant further failed to make a showing of cause and prejudice. Therefore, the judgment of the circuit court is affirmed.

¶ 2    In 1998, defendant, Charles Bruce Thomas, was convicted of first degree murder. Over the next several years, he filed an original and five successive postconviction petitions, all of which were denied. The defendant now appeals *pro se* from the denial of his motion for leave to file a sixth successive postconviction petition. For the following reasons, we affirm the circuit court's judgment.

1

¶ 3                                    I. BACKGROUND

¶ 4      The defendant was convicted of two counts of first degree murder and sentenced to two concurrent terms of 60 years' incarceration. We affirmed the defendant's conviction on direct appeal. *People v. Thomas*, No. 5-99-0220 (2000) (unpublished order under Illinois Supreme Court Rule 23). In 2000, the defendant filed his first *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2000)). The circuit court appointed counsel, and counsel filed an amended postconviction petition. The defendant then filed a motion to discharge counsel and proceed *pro se*. His motion was granted, and he thereafter filed *pro se* a second amended postconviction petition in 2002. The circuit court dismissed the petition, and we affirmed. *People v. Thomas*, No. 5-03-0256 (2004) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5      In 2007, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2006)). The circuit court recharacterized this petition as a successive postconviction petition. After notifying the defendant of this change, the circuit court dismissed his petition. We affirmed. *People v. Thomas*, No. 5-07-0486 (2010) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6      In 2010, the defendant filed another *pro se* petition for relief from judgment. The circuit court denied the motion *sua sponte*, and we affirmed. *People v. Thomas*, 2013 IL App (5th) 110292-U. In 2013, the defendant filed another *pro se* petition for relief from judgment, which the circuit court dismissed as untimely. The defendant appealed, and we dismissed the appeal for lack of jurisdiction. *People v. Thomas*, No. 5-13-0375 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)). He filed another postjudgment petition later the same year, which the circuit court also dismissed as untimely, and we affirmed. *People v. Thomas*, 2014 IL

2

App (5th) 130529-U. In 2014, the defendant filed a *pro se* motion for leave to file a successive postconviction petition. The circuit court granted leave and appointed counsel for him, but the defendant chose to proceed *pro se*. He then filed an amended successive postconviction petition, which was once again dismissed and affirmed on appeal. *People v. Thomas*, 2021 IL App (5th) 170244-U.

¶ 7       Finally, on December 1, 2022, the defendant again filed a *pro se* motion for leave to file another successive postconviction petition. He raised three issues in this motion: (1) that the Attorney Act (705 ILCS 205/1 *et seq.* (West 2022)) and Illinois Supreme Court Rule 707 (eff. Feb. 1, 2018) are unconstitutionally vague and overbroad as applied to him; (2) that sections of the first degree murder statute (720 ILCS 5/9-1(a)(1), (2) (West 1996)), in conjunction with the drug-induced homicide statute (*id.* § 9-3.3), and the statute allowing for formal amendments to an indictment (725 ILCS 5/111-5 (West 1996)), are collectively and individually vague and overbroad as applied to him; and (3) that the word "means" in section 111-5(f) of the Code of Criminal Procedure of 1963 (*id.* § 111-5(f)) is unconstitutionally vague, overbroad, and arbitrary as applied to him. The defendant additionally argued that he had satisfied the cause-and-prejudice test for filing a successive postconviction petition because his arguments involved the constitutionality of statutes, which he asserted could be challenged at any time.

¶ 8       The circuit court denied the defendant's motion for leave to file a successive postconviction petition in a written order on February 14, 2023. The defendant filed a motion to reconsider, which the circuit court also denied. The defendant now appeals the circuit court's February 14, 2023, order denying his motion for leave to file a successive postconviction petition.

¶ 9       The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant on appeal. On February 27, 2024, OSAD filed a motion to withdraw as counsel on

3

appeal consistent with *Pennsylvania v. Finley*, 481 U.S. 551 (1987). This court allowed the defendant to file a *pro se* argument as to why the appeal should not be dismissed and why OSAD should not be allowed to withdraw as counsel. The defendant filed a motion to withdraw his appointed appellate counsel and for leave to proceed *pro se*, which this court granted. The defendant subsequently filed his *pro se* appellant's brief, and later filed a motion to amend or supplement the brief. On April 23, 2024, this court granted OSAD's motion to withdraw and the defendant's motion to proceed *pro se*. This court also accepted his *pro se* appellant's brief and granted his motion to amend. On appeal, the defendant raises the same three arguments he brought in his 2022 motion for leave to file a sixth successive postconviction petition, as well as his same argument regarding the cause-and-prejudice test.

¶ 10                                    II. ANALYSIS

¶ 11                                A. Standard of Review

¶ 12    The Act provides a statutory remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Taliani*, 2021 IL 125891, ¶ 53; *People v. Edwards*, 2012 IL 111711, ¶ 21. A postconviction petition is a collateral attack on the judgment, the purpose of which is to " 'allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal.' " *People v. Clark*, 2023 IL 127273, ¶ 38 (quoting *People v. Barrow*, 195 Ill. 2d 506, 519 (2001)). Therefore, "issues that were raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*, while issues that could have been raised, but were not, are forfeited." *Taliani*, 2021 IL 125891, ¶ 53.

¶ 13    Furthermore, the Act contemplates the filing of only one postconviction petition and prohibits the filing of a successive petition without first obtaining leave of court to do so. 725 ILCS

4

5/122-1(f) (West 2022); *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). The defendant forfeits any claim not raised in his original or amended postconviction petition. *Taliani*, 2021 IL 125891, ¶ 53; 725 ILCS 5/122-3 (West 2022).

¶ 14 Section 122-1(f) of the Act states that:

"(f) Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2022).

Our courts have referred to the exception found in section 122-1(f) of the Act as the cause-and-prejudice test; a defendant seeking this exception must submit enough evidence to allow the circuit court to make a cause-and-prejudice determination. See *People v. Bailey*, 2017 IL 121450, ¶ 21; *Tidwell*, 236 Ill. 2d at 161.[1]

¶ 15 Because the sufficiency of a postconviction petition is a purely legal question, we review the circuit court's denial of a defendant's motion for leave to file a successive postconviction petition *de novo*. *People v. Robinson*, 2020 IL 123849, ¶ 39. Our supreme court has further held

---

[1]The circuit court may also properly grant leave to file a successive postconviction petition where the defendant sets forth a colorable claim of actual innocence based on newly discovered evidence. See *Taliani*, 2021 IL 125891, ¶ 55. Here, the defendant does not make a claim of actual innocence.

that the denial of a motion for leave to file a successive petition alleging cause and prejudice is reviewed *de novo*. *Id.* (citing *People v. Wrice*, 2012 IL 111860, ¶¶ 49-50).

¶ 16                    B. The Defendant's Prior Arguments and 2022 Motion

¶ 17    The defendant raised five issues on direct appeal. The defendant alleged that he was denied a fair trial due to (1) the trial judge's refusal to dismiss three jurors for cause, (2) pretrial publicity, (3) the admission of evidence of drugs and a gun found in his home, (4) the State being allowed to amend the indictment on the day of trial, and (5) the trial court allowing rebuttal testimony. We addressed each argument and found no basis to overturn the decisions of the circuit court. See *Thomas*, No. 5-99-0220 (unpublished order under Illinois Supreme Court Rule 23).

¶ 18    In his original postconviction petition, the defendant raised arguments of insufficient evidence and ineffective assistance of counsel for failing to present a defense of involuntary manslaughter. After the circuit court allowed him to proceed *pro se*, the defendant filed his second amended postconviction petition, alleging: (1) ineffective assistance of counsel where trial counsel failed to file a motion to suppress evidence found in his home, (2) that the trial court erred in refusing to give an instruction for the lesser-included offense of involuntary manslaughter, (3) that he was denied a fair trial where the State was permitted to amend the indictment during trial, and (4) that appellate counsel was ineffective for failing to raise the issues on direct appeal. The circuit court granted the State's motion to dismiss. On appeal, we again determined that the circuit court did not err in its ruling. *Thomas*, No. 5-03-0256 (unpublished order under Illinois Supreme Court Rule 23).

¶ 19    After the circuit court denied the defendant's five previous successive petitions, he sought leave to file a proposed sixth successive postconviction petition in December 2022. In his motion, he raised three further claims: (1) that the Attorney Act (705 ILCS 205/1 *et seq.* (West 2022)) and

6

Illinois Supreme Court Rule 707 are unconstitutionally vague and overbroad as applied to him; (2) that sections of the first degree murder statute (720 ILCS 5/9-1(a)(1), (2) (West 1996)), in conjunction with the drug-induced homicide statute (*id.* § 9-3.3), and the statute allowing for formal amendments to an indictment (725 ILCS 5/111-5 (West 1996)), are collectively and individually vague and overbroad as applied to him; and (3) that the word "means" in section 111-5(f) of the Code of Criminal Procedure (*id.* § 111-5(f)) is unconstitutionally vague, overbroad, and arbitrary as applied to him. The defendant contended that he satisfied the cause-and-prejudice test because his arguments involved the constitutionality of statutes, which he asserted could be challenged at any time.

¶ 20 In its February 14, 2023, order, the circuit court noted that, in addition to his initial petition in 2000, the defendant had previously filed five successive postconviction petitions. All of them had been dismissed, and all of those dismissals had been affirmed on appeal. The circuit court further stated that any claims not raised in the original or amended petition were forfeited, and all issues that were decided in the original postconviction proceeding were barred by *res judicata*.

¶ 21 The circuit court further found that the defendant had failed to show cause and prejudice justifying an exception to the rule prohibiting successive petitions. He did not show cause because all of the facts necessary to bring his claims were available when he filed his initial petition and he failed to identify any objective factor that impeded him from raising his claims earlier. He also failed to demonstrate that any prejudice occurred from his failure to assert his claims earlier, because there was "scant probability that [the defendant] would have prevailed." The circuit court therefore denied his motion for leave to file a sixth successive postconviction petition, as well as his subsequent motion to reconsider.

¶ 22                    C. The Attorney Act and Supreme Court Rule 707

¶ 23    In his motion for leave to file what would be his sixth successive postconviction petition, the defendant first argues that the Attorney Act (705 ILCS 205/1 (West 2022)) and Illinois Supreme Court Rule 707 (eff. Feb. 1, 2018) are unconstitutionally vague and overbroad as applied to him. On appeal, he merely restates this claim, without further statement of why the circuit court erred by not allowing him to bring his claim in a successive petition. He contends that, at trial, two out-of-state attorneys filed a joint appearance on his behalf. Only one of the attorneys was licensed to practice in Illinois; however, he was only present in court for the defendant's arraignment and the first day of *voir dire*. The circuit court entered a *pro hac vice nunc pro tunc* order authorizing the attorney not licensed in Illinois to represent the defendant at trial.

¶ 24    The defendant argues that the Attorney Act states, "No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State." 705 ILCS 205/1 (West 2022). He further argues that the out-of-state attorney did not obtain permission to represent him in Illinois as required by Rule 707. He contends that the circuit court erred in failing to ensure that out-of-state counsel was licensed to practice in Illinois by either obtaining a license for that purpose from the Illinois Supreme Court or requesting permission per Rule 707.

¶ 25    While he states that his claim is that the statute and rule at issue are unconstitutionally vague and overbroad as applied to him, he does not provide an explanation of this argument. Rather, he alleges that the attorney was improperly allowed to represent him at trial in contravention of the Attorney Act and Rule 707. The defendant's argument regarding the cause-and-prejudice showing required to permit him to file a successive postconviction petition relies on

raising a constitutional challenge to criminal statutes. We therefore recognize why he presents this claim in this way; however, any alleged constitutional challenge is not supported by his arguments.

¶ 26    Moreover, the defendant presents no objective factors that prevented him from presenting this argument at any prior point in the proceedings. See 725 ILCS 5/122-1(f) (West 2022) (cause is shown "by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings"). He further fails to demonstrate that not raising the claim earlier resulted in a violation of his due process rights. See *id.* (prejudice is shown "by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process").

¶ 27    In addition to failing to present any support for why he has not waived this argument, the defendant argued ineffective assistance of trial counsel in his second amended postconviction petition. Both the circuit court and this court rejected these arguments. While he now attempts to bring a different claim regarding trial counsel, we note that there is no reason apparent in the record why he could not have also raised his allegations about his improper representation by non-Illinois counsel earlier in the proceedings. There is nothing in the record indicating that he was not aware of his counsel's licensure at trial, or that trial counsel was in any way insufficient. Therefore, we find that the defendant has waived his first claim, and there is no cause and prejudice shown to exempt him from the rule against successive petitions.

¶ 28                      D. Amendments to the Indictment

¶ 29    The defendant's second claim is that sections of the first degree murder statute (720 ILCS 5/9-1(a)(1), (2) (West 1996)), in conjunction with the drug-induced homicide statute (*id.* § 9-3.3), and the statute allowing for formal amendments to an indictment (725 ILCS 5/111-5 (West 1996)),

9

are collectively and individually vague and overbroad as applied to him. He again merely restates this claim in his argument on appeal.

¶ 30    In support of this claim, he alleges that the circuit court impermissibly allowed the State to amend the indictment at the start of trial without a hearing to establish probable cause or submitting the amendment to the grand jury for review. The grand jury returned a bill of indictment listing two counts of first degree murder through blunt force trauma to the victim's face and head. The State's amendment added an alternate cause of death to both counts, so that the indictment included "and/or" by forcing the victim to ingest cocaine, a controlled substance.

¶ 31    The defendant contends that his due process right was violated because he was tried and convicted on charges that differed from the grand jury's indictment. He states that he was entitled to notice of the offenses charged with sufficient specificity to enable a proper defense. See *People v. Alexander*, 93 Ill. 2d 73, 79 (1982). Additionally, he contends that the amendment did not reference the drug-induced homicide statute (720 ILCS 5/9-3.3 (West 1996)), despite allegedly having the effect of adding a new charge to the indictment. He argues that he was not able to present a defense to this supposed new charge, nor was it clear whether he was actually being charged with drug-induced homicide.

¶ 32    In summary, the defendant takes issue with the circuit court's decision to allow the State's last-minute amendment to the indictment. The defendant challenged the amendment both on direct appeal and in his initial postconviction petition. His titling this claim as a constitutional challenge to the abovementioned statutes does not alter the substance of the claim, and he does not present any argument as to how these statutes are vague and overbroad as applied to him. Therefore, we find that this claim is barred by *res judicata*, and, to the extent that the defendant raises any new

points on this barred issue, he has forfeited them by failing to raise them on direct appeal or in his initial petition.

¶ 33                           E. Amendment of the Indictment

¶ 34    Thirdly, the defendant argues that the word "means" in section 111-5(f) of the Code of Criminal Procedure (725 ILCS 5/111-5(f) (West 1996)) is unconstitutionally vague, overbroad, and arbitrary as applied to him. This claim again concerns the State's amendment to the indictment, as discussed in the previous section.

¶ 35    Section 111-5(f) of the Code of Criminal Procedure allows for the amendment of an indictment "on motion by the State's Attorney or defendant at any time because of formal defects, including *** [t]he use of alternative or disjunctive allegations as to the acts, *means*, intents or results charged." (Emphasis added.) *Id*. The defendant argues that, by allowing the State to add an alternate theory of the means used to commit the offense of first degree murder, the circuit court improperly permitted the State to combine the first degree murder statute and the drug-induced homicide statute. He further states that this is contrary to the intent and purpose of the statute allowing for formal amendments to indictments.

¶ 36    We find that this third claim fails for the same reasons as stated above in our discussion of his second claim. The defendant does not support his contention that the statute at issue is unconstitutionally vague, overbroad, and/or arbitrary as applied to him. Rather, he raises the same argument about the amendment to the indictment that both the circuit court and this court have previously reviewed and dismissed. Furthermore, we reiterate that the defendant was aware of the amendment before his direct appeal and before his first postconviction petition; anything that he adds here that he did not raise at either of these previous points is forfeited.

11

¶ 37                                    F. Cause and Prejudice

¶ 38    Finally, we have already addressed the defendant's last argument, in which he contends that he need not make a showing of cause and prejudice to file a successive postconviction petition where his claims challenge the constitutionality of criminal statutes. As we have stated in our discussion of his claims, he does not raise any constitutional challenge of a statute, and we therefore need not review his argument that he may raise such claims at any time. Since the defendant has not submitted any evidence or argument showing cause and prejudice, we further find that the circuit court did not err in determining, for the reasons stated in its February 14, 2023, order, that the exception found in section 122-1(f) of the Act is not applicable to the defendant's successive petition.

¶ 39    While the defendant has attempted to restyle his claims as newly raised arguments, the record shows that the substance of his claims have either already been addressed and decided on direct appeal and in his previous postconviction petitions, or are waived because he could have timely raised these issues. The doctrine of *res judicata* bars his previously-addressed claims, and he cannot obtain relief under the Act by rephrasing those same claims. See *Clark*, 2023 IL 127273, ¶ 41. Additionally, to the extent that the defendant raises any new issues, the record shows that nothing prevented him from presenting them on direct appeal or in previous postconviction petitions; therefore, he has forfeited those arguments. See *Edwards*, 2012 IL 111711, ¶ 21.

¶ 40                                    III. CONCLUSION

¶ 41    For the reasons stated, the circuit court did not err in denying the defendant's motion for leave to file a successive postconviction petition. The judgment of the circuit court is affirmed.

¶ 42    Affirmed.